UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------- x

MAKE WORKSHOP, INC.

                    Plaintiff,

        v.

MAKE HOLDING, LLC and MAKE MEANING,
INC.,

                   Defendants.

----------------------------------------------------------------- x

: 12-cv-4775

: Hon. P. Kevin Castel

: **ANSWER OF DEFENDANT**
: **MAKE HOLDING, LLC**

Defendant Make Holding, LLC ("Make Holding" or "Defendant"), by its undersigned counsel, as and for its Answer to the Complaint of Plaintiff Make Workshop, Inc. ("Plaintiff" or "Make Workshop"), respectfully states and alleges as follows:

## SUBSTANCE OF THE ACTION

1.      Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 1 of the Complaint.

2.      Denies the allegations in paragraph 2 of the Complaint.  Further, to the extent that paragraph 2 sets forth legal or other conclusions, avers that no response is required.

3.      Denies the allegations in paragraph 3 of the Complaint.

4.      Denies the allegations in paragraph 4 of the Complaint.  Further, to the extent that paragraph 4 sets forth legal or other conclusions, avers that no response is required.

5.      Avers that paragraph 5 of the Complaint sets forth legal or other conclusions that do not require a response.

## JURISDICTION AND VENUE

6.      Avers that paragraph 6 of the Complaint sets forth legal or other conclusions

1519616_1

that do not require a response.

7.    Denies the allegations in paragraph 7 of the Complaint.  Further, to the extent that paragraph 7 sets forth legal or other conclusions, avers that no response is required.

8.    Denies the allegations in paragraph 8 of the Complaint.  Further, to the extent that paragraph 8 sets forth legal or other conclusions, avers that no response is required.

## PARTIES

9.    Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 9 of the Complaint.

10.    Denies the allegations in paragraph 10 of the Complaint.

11.    Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 11 of the Complaint.

## FACTS SUPPORTING MAKE'S REQUESTED RELIEF

12.    Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 12 of the Complaint.

13.    Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 13 of the Complaint.

14.    Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 14 of the Complaint.

15.    Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 15 of the Complaint.

16.    Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 16 of the Complaint.

17.    Denies knowledge or information sufficient to form a belief as to the truth of

allegations in paragraph 17 of the Complaint.

18.     Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 18 of the Complaint.

19.     Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 19 of the Complaint.

20.     Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 20 of the Complaint.  Further, to the extent that paragraph 20 sets forth legal or other conclusions, avers that no response is required.

21.     Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 21 of the Complaint.

22.     Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 22 of the Complaint.

23.     Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 23 of the Complaint.

24.     Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 24 of the Complaint.

25.     Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 25 of the Complaint.

26.     Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 26 of the Complaint.

## THE MAKE MARKS

27.     Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 27 of the Complaint.  Further, to the extent that paragraph 27 sets

1519616_1

forth legal or other conclusions, avers that no response is required.

28.     Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 28 of the Complaint.  Further, to the extent that paragraph 28 sets forth legal or other conclusions, avers that no response is required.

29.     Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 29 of the Complaint.  Further, to the extent that paragraph 29 sets forth legal or other conclusions, avers that no response is required.

30.     Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 30 of the Complaint and begs leave to refer the Court to true and correct copies of the referenced registrations for a complete statement of the contents thereof in proper context.

31.     Avers that paragraph 31 of the Complaint sets forth legal or other conclusions that do not require a response.

## DEFENDANTS' UNLAWFUL ACTIVITIES

32.     Denies the allegations in paragraph 32 of the Complaint.

33.     Denies the allegations in paragraph 33 of the Complaint.

34.     Denies the allegations in paragraph 34 of the Complaint.  Further, to the extent paragraph 34 sets forth a purported definition of "Infringing Make Design Mark," avers that a response is not required.

35.     Denies the allegations in Paragraph 35 of the Complaint, except admits that Plaintiff does not exercise control over Defendant, and avers that no authorization was necessary for Defendant to use its marks.

36.     Denies knowledge or information sufficient to form a belief as to the truth of

1519616_1

allegations in paragraph 36 of the Complaint concerning when Plaintiff "first learned of Defendants' activities" or its instructions to its attorney, denies the remaining allegations in paragraph 36 of the Complaint and begs leave to refer the Court to a true and correct copy of the September 2007 letter for a complete statement of the contents thereof in proper context.

37.    Denies the allegations in paragraph 37 of the Complaint, except admits that the Make Meaning design mark was adopted in 2010 and applications to register the Make Meaning word mark (Reg. No. 4,025,504) and the Make Meaning design mark (Reg. No. 4,121,052) were filed with the USPTO in 2011 and have both been registered and begs leave to refer the Court to true and correct copies of the referenced registrations for a complete statement of the contents thereof in proper context.  To the extent paragraph 37 sets forth a purported definition of "Infringing Make Meaning Design Mark," avers that a response is not required.

38.    Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 38 of the Complaint, and avers that Defendant's corporate headquarters did not receive or respond to the letter attached to the Complaint as Exhibit O. Begs leave to refer the Court to Exhibit O for the contents thereof in proper context.

39.    Denies the allegations in paragraph 39 of the Complaint.

40.    Denies the allegations in paragraph 40 of the Complaint.

41.    Denies the allegations in paragraph 41 of the Complaint.

42.    Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 42 of the Complaint.  Further, to the extent that paragraph 42 sets forth legal or other conclusions, avers that no response is required.

43.    Denies the allegations in paragraph 43 of the Complaint.

1519616_1

44.     Denies the allegations in paragraph 44 of the Complaint.

45.     Denies the allegations in Paragraph 45 of the Complaint.

**FIRST CLAIM FOR RELIEF**
**FEDERAL TRADEMARK INFRINGEMENT**
**(15 U.S.C. § 1114)**

46.     Repeats and realleges the responses set forth above to the allegations in

paragraphs 1 through 45, as if fully set forth herein.

47.     Denies the allegations in paragraph 47 of the Complaint.

48.     Denies the allegations in paragraph 48 of the Complaint.

49.     Denies the allegations in paragraph 49 of the Complaint.

50.     Denies the allegations in paragraph 50 of the Complaint.

51.     Denies the allegations in paragraph 51 of the Complaint.

**SECOND CLAIM FOR RELIEF**
**FEDERAL UNFAIR COMPETITION**
**(15 U.S.C. § 1125(a))**

52.     Repeats and realleges the responses set forth above to the allegations in

paragraphs 1 through 51, as if fully set forth herein.

53.     Denies the allegations in paragraph 53 of the Complaint.

54.     Denies the allegations in paragraph 54 of the Complaint.

55.     Denies the allegations in paragraph 55 of the Complaint.

56.     Denies the allegations in paragraph 56 of the Complaint.

**THIRD CLAIM FOR RELIEF**
**COMMON LAW UNFAIR COMPETITION**

57.     Repeats and realleges the responses set forth above to the allegations in

paragraphs 1 through 56, as if fully set forth herein.

58.     Denies the allegations in paragraph 58 of the Complaint.

1519616_1

59.     Denies the allegations in paragraph 59 of the Complaint.

## FOURTH CLAIM FOR RELIEF
## UNFAIR AND DECEPTIVE TRADE PRACTICES

60.     Repeats and realleges the responses set forth above to the allegations in paragraphs 1 through 59, as if fully set forth herein.

61.     Denies the allegations in paragraph 61 of the Complaint.

## FIFTH CLAIM FOR RELIEF
## ORDER UNDER 15 U.S.C. § 1119 REGARDING
## THE PARTIES' RIGHTS TO REGISTRATION

62.     Repeats and realleges the responses set forth above to the allegations in paragraphs 1 through 61, as if fully set forth herein.

63.     Denies the allegations in paragraph 63 of the Complaint.

64.     Admits that the federally registered Make Meaning word mark (Reg. No. 4,025,504) has been registered for less than 5 years.  To the extent paragraph 64 sets forth a purported definition of "MAKE MEANING Registration," avers that a response is not required.

65.     Admits that the federally registered Make Meaning design mark (Reg. No. 4,121,052) has been registered for less than 5 years.  To the extent paragraph 65 sets forth a purported definition of "Make Meaning Design Mark Registration" or refers to the design mark as "Infringing," avers that a response is not required.

66.     Denies the allegations in paragraph 66 of the Complaint.

67.     Denies the allegations in paragraph 67 of the Complaint.

68.     Denies the allegations in paragraph 68 of the Complaint.

69.     Denies the allegations in paragraph 69 of the Complaint.

## AFFIRMATIVE DEFENSES

7

1519616_1

In addition to the specific responses set forth above, Defendant asserts the following

affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim Upon Which Relief May Be Granted)

70.     The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Lack of Capacity to be Sued)

71.     Defendant is not a legally cognizable entity that can be sued.

### THIRD AFFIRMATIVE DEFENSE
### (No Actual or Likely Confusion)

72.     The acts complained of did not cause confusion, mistake or deception, nor

likely confusion nor mistake nor deception.

### FOURTH AFFIRMATIVE DEFENSE
### (No Entitlement to Injunctive Relief)

73.     Plaintiff is not entitled to injunctive relief because it has not established

irreparable harm.

### FIFTH AFFIRMATIVE DEFENSE
### (Lack of Willfulness)

74.     Defendant has not acted willfully to infringe Plaintiff's rights nor to cause

confusion, mistake or deception, nor to cause dilution nor to trade on Plaintiff's reputation.

### SIXTH AFFIRMATIVE DEFENSE
### (Lack of Knowledge or Intent)

75.     Defendant has not acted with knowledge or intent to cause confusion, mistake

or deception.

### SEVENTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

76.     Plaintiff's claims and requested relief are barred in whole or in part by reason of

its unclean hands.

### EIGHTH AFFIRMATIVE DEFENSE
### (Waiver)

77.     Plaintiff's claims and requested relief are barred in whole or in part by the

doctrine of waiver.

### NINTH AFFIRMATIVE DEFENSE
### (Laches and/or Estoppel)

78.     Plaintiff's claims and requested relief are barred in whole or in part by the

doctrines of laches and/or estoppel.

### TENTH AFFIRMATIVE DEFENSE
### (Mitigation of Damages)

79.     Plaintiff's remedies are barred in whole or in part by its failure to make

reasonable efforts to mitigate damages, if any.

### ELEVENTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

80.     Plaintiff's claims are barred in whole or in part because the Complaint was not

filed within the limitations period applicable to the claims.

### PRAYER FOR RELIEF

WHEREFORE, Defendant prays:

(a)     For judgment dismissing the Complaint herein and entering judgment for

Defendant thereon;

(b)     For judgment awarding Defendant its attorney's fees and costs; and

(c)     For judgment awarding Defendant such other and further relief as the

Court deems just.

Dated:  October 15, 2012

9

1519616_1

Respectfully submitted,

By: _____/s/_____
    Mark Lerner
SATTERLEE STEPHENS BURKE & BURKE LLP
230 Park Avenue
New York, New York 10169
Telephone: (212) 818-9200
Facsimile: (212) 818-9606
Email: mlerner@ssbb.com

WILSON SONSINI GOODRICH & ROSATI
John L. Slafsky (Of Counsel)
650 Page Mill Road
Palo Alto, CA  94304
Telephone: (650) 320-4574
Facsimile: (650) 493-6811
Email: jslafsky@wsgr.com

*Attorneys for Defendant MAKE MEANING, INC.*