```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10-19-12
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MAKE WORKSHOP, INC.,

           Plaintiff,

– against –

MAKE HOLDING, LLC and
MAKE MEANING, INC.,

           Defendants.

---

12 Civ. 4775 (PKC)

CIVIL CASE MANAGEMENT PLAN
FOR COMPLEX CASES
AND SCHEDULING ORDER

      This Civil Case Management Plan for Complex Cases (the "Plan") is to be utilized for all cases before Judge Castel which have been designated for inclusion under the Standing Order of Chief Judge Preska filed as <u>In re: Pilot Project Regarding Case Management Technique for Complex Civil Cases in the Southern District of New York</u>, 11 Misc. 388 (November 1, 2011) (the "Standing Order"). By submitting this Plan the parties, by their counsel, represent that they have read the Report of the Judicial Improvements Committee (the "Report") which is an attachment of the Standing Order and considered the matters therein.

      This Plan is submitted by the parties in accordance with Rule 26(0(3), Fed. R. Civ. P.

1.     All parties do <u>not</u> consent to conducting all further proceedings before a Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences.

2.     This case is not to be tried to a jury.

3.     Any motion to amend the complaint or to join additional parties shall be filed within ~~120~~ 45 days from the date of this Order. [handwritten: PKC]

4.     Initial disclosures, pursuant to Rules 26(a)(1), Fed. R. Civ. P., shall be completed not later than 21 days [Nov. 9] from the date of this Order.

5.     All <u>fact</u> discovery shall be completed no later than ~~June~~ April 1, 2013.

6.     a. The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. ~~Interim deadlines set forth in this paragraph 6 may be extended by the written consent of all~~ parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 5 above:

        ~~a.    Initial requests for production of documents to be served by December 1, 2012.~~

1

b. The use of Interrogatories is governed by Local Rule 33.3. Interrogatories addressing the issues in Local Rule 33.3(a) are limited to 10 per side and are to be served by March 1, 2013.

c. Depositions are to be completed by ~~June~~ April 1, 2013.

d. Depositions are limited to 6 per side of no greater than 7 hours in length.

e. A witnesses designated by a party in the "Joint Final Trial Report" as a fact witness but who was not examined at deposition during the discovery period by the adverse party may be examined prior to trial. __X__ Yes. _____ No.

f. Requests to Admit are limited to 30 per side of no more than twenty-five (25) words in length and are to be served no later than April 14, 2013.

g. Discovery is governed by the procedures set forth in the Report at II.B (Discovery Disputes Not Involving Assertion of Privilege or Work Product), C (*In Camera* Sampling of Assertions of the Privilege), D (Documents Presumptively Not to Be Logged on Privilege Log), E (Privilege Log Descriptions of Email Threads) and G (Subpoenaed Material).

7. a. No later than thirty (30) days prior to the date in paragraph 5, i.e. the completion of all fact discovery, the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents and depositions, provided that (i) expert report(s) of the party with the burden of proof shall be due before those of the opposing party's expert(s); and (ii) all expert discovery shall be completed by the date set forth in paragraph 7(b).

b. All expert discovery shall be completed no later than ~~September 1~~ May 17, 2013.

8. All motions and applications shall be governed by the Court's Individual Practices, including pre-motion conference requirements, except that motions in limine may be made without a premotion conference on the schedule set forth in paragraph 11(b). Pursuant to the authority of Rule 16(c)(2), Fed. R. Civ. P., any motion for summary judgment will be deemed untimely unless a request for a premotion conference relating thereto is made in writing no later than fourteen (14) days after the date in paragraph 5, i.e., the close of fact discovery.

9. All counsel must meet face-to-face for at least one hour to discuss settlement prior to the submission of the "Joint Preliminary Trial Report on Close of Fact Discovery" described at IV. A of the Report.

10. a. Counsel for the parties have discussed an informal exchange of information in aid of an early settlement of this case and have agreed upon the following:

Exchange of the following categories of documents 45 days before an agreed-upon mediation in New York, which is to take place within 120 days from the date of this order:

(i) Documents sufficient to establish the identity of each predecessor owner of Defendants' business, beginning with the entity that owned the Our Name is Mud business, and any third party or other entity involved in the planning, formation, branding, or naming of Defendants'

2

business, including any entity which may be called on to indemnify Defendant or any other entity regarding the claims made in the Complaint or other claims made with regard to the Make or Make Meaning names and marks

(ii)   All documents governing Defendants' right to seek indemnity or insurance coverage from any third party regarding the claims made in the Complaint or other claims made with regard to the Make or Make Meaning names and marks.

(iii)   Documents sufficient to identify in dollars Defendants' total (a) sales, (b) profits, and (c) advertising and marketing expenditures for each year since 2005.

(iv)   All documents evidencing monetary expenditures by Plaintiff for advertising, marketing and promotion of the marks MAKE and MAKE WORKSHOP.

(v)   All documents related to Plaintiff's advertising, marketing and promotional materials for the marks MAKE and MAKE WORKSHOP, including copies of any advertisements.

(vi)   All documents related to Plaintiff's purported cost for rebranding, including all related communications with third parties.

(vii)   All documents relating to actual confusion arising from Defendant's use of its name and mark.

(viii)   Documents sufficient to show any damages claimed by Plaintiff arising from Defendant's use of its name and mark.

(ix)   All documents relating to any business activity by Plaintiff directed to children ages 3-12.

(x)   Documents sufficient to show Plaintiff's annual revenues and profits; and

(xi)   Documents sufficient to show Plaintiff's annual revenues and profits from services not related to crafts involving fabric, thread or yarn.

b.   Counsel for the parties have discussed the use of the following alternate dispute resolution mechanisms for use in this case: (i) a settlement conference before a Magistrate Judge; (ii) participation in the District's Mediation Program; and/or (iii) retention of a privately retained mediator. Counsel for the parties propose the following alternate dispute resolution mechanism for this case:

settlement conference/mediation before a Magistrate Judge Freeman.

c.   Counsel for the parties recommend that the alternate dispute resolution mechanism designated in paragraph b, be employed at the following point in the case (e.g. within the next sixty days; after the deposition of plaintiff is completed (specify date); after the close of fact discovery).

        Within the next 120 days, after a limited exchange of documents, Defendant also seeks to have each party conduct one 30(b)(6) deposition of the other party before mediation, if desired. Plaintiff does not believe this is necessary because (a) the parties will be present at the mediation to answer (directly or through the mediator) any mediation-relevant questions, (b) Defendant has not indicated that there is any mediation-relevant topic which will not be covered by the exchange of documents or that can only be covered in a deposition, and (c) this would unnecessarily burden the parties by subjecting them to multiple depositions if mediation is not successful. Defendant, however believes that a deposition is crucial because (a) Plaintiff has advised that its documentation is limited, (b) Defendant wishes to test assertions and information about the purported "confusion," purported nature and extent of damages, the market for Plaintiff's services and actual consumers, and (c) the deposition will not be duplicative, but rather will very likely be the sole 30(b)(6) deposition of Plaintiff in the case.

    d.    The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

11.    a.    The "Joint Preliminary Trial Report on Close of Fact Discovery" described at N. A of the Report is due fourteen (14) days after the close of the date set in paragraph 5 for the completion of fact discovery.

    b.    Unless the Court rules otherwise after review of the "Joint Preliminary Trial Report on Close of Fact Discovery," the "Joint Final Trial Report" described at IV. C and D. of the Report is due forty five (45) days following the close of fact and expert discovery (whichever is later). In lieu of the procedure in IV.D. 2 of the Report, any motion in limine shall be filed after the close of fact and expert discovery and no later than thirty (30) days before the "Joint Final Trial Report". The pre-motion conference requirement is waived for any such motion.

    c.    In addition to the matters addressed in 11(a) and (b), if this action is to be tried before a jury, proposed jury instructions and verdict form shall also be filed as part of the "Joint Final Trial Report." Counsel are required to meet and confer on a joint submission of proposed jury instructions and verdict form, noting any points of disagreement in the joint submission. Jury instructions may not be submitted after the "Joint Final Trial Report," unless they meet the standard of Rule 51(a)(2)(A), Fed. R. Civ. P.

    d.    In addition to the matters addressed in 11(a) and (b), by the "Joint Final Trial Report," the parties shall submit a schedule for (i) the submission of direct testimony of each side's witnesses by declaration or affidavit, subject to live cross-examination; and (ii) proposed findings of fact and conclusions of law.

12.    The parties' estimate of the length of trial is: 4 days.

13.    The parties' estimate of the trial ready date is: ~~February 1, 2014~~ *TBD*.

Other discovery limitations or issues to be addressed at the Initial Pretrial Conference:

14.

4

15.

16.

17.

---

**TO BE COMPLETED BY THE COURT:**

The Plan has been reviewed by the Court and, except as modified, is adopted as the Scheduling Order of this Court in accordance with Rule 16(b), Fed. R. Civ. P.

As a result of the pretrial conference, the Court also Orders as follows:

18.

19. *Parties and counsel to meet face to face (with meal) at plaintiff's counsel's office within 21 days.*

20.

21.

The next Case Management Conference will be held on April 19, 2013 at 11:00 am.

    This ORDER may not be modified or the dates herein extended, except by further Order of this Court for good cause shown. Any application to modify or extend the dates herein (except as noted in paragraph 6) shall be made in a written application in accordance with paragraph 1(C) of the Court's Individual Practices and shall be made no less than five (5) days prior to the expiration of the date sought to be extended.

                                                          P. Kevin Castel
                                                  United States District Judge

Dated: New York, New York
       10-19, 2012

6

1525238_6